**STONE LAW GROUP, PLC**
Shawn L. Stone, Bar No. 23558
3030 N. 3rd Street, Suite 200
Phoenix AZ 85012
Tel: (602) 264-0500 / Fax: (602) 264-0501
slstone@stonelawaz.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| SHAWN BLAKLEY,<br><br>                     Plaintiff,<br><br>     vs.<br><br>SUNRISE CREDIT SERVICES, INC., a New York corporation,<br><br>                     Defendant. | Case No.:<br><br>**VERIFIED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff alleges as follows:

**PRELIMINARY STATEMENT**

1.      This action arises under the Federal Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*.

Background On The Fair Debt Collection Practices Act

2.      In enacting the Fair Debt Collection Practices Act in the 1970s (hereinafter "FDCPA"), the United States Congress made findings of fact that the use of abusive, deceptive, and unfair debt collection practices by many debt collectors were contributing to a number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. *See* 15 U.S.C. 1692(a). Congress further found that existing laws and procedures for

redressing these injuries are inadequate to protect consumers. *See* 15 U.S.C. 1692(b). Additionally, Congress found abusive debt collection practices were carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce. *See* 15 U.S.C. 1692(d). Congress stated its purpose in enacting the FDCPA was to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

United States Bureau of Consumer Financial Protection Finds Illegal Debt Collection Equally Harmful to Both Consumers and "Law Abiding" Debt Collectors

3. In October of 2012, the United States Bureau of Consumer Financial Protection, or CFPB, made findings that debt collection is a multi-billion-dollar industry that directly affects a large number of consumers. The CFPB found that in 2012, approximately 30 million individuals, or 14 percent of American adults who have credit reports, had debt that was subject to the collections process. The CFPB further found that by the collection of consumer debt, collectors reduce creditors' losses from non-repayment and thereby help to keep credit accessible and more affordable to consumers. But, the CFPB found that debt collection performed in illegal ways has the potential to cause consumers substantial harm. If collectors falsely represent amounts owed, consumers may pay debts they do not owe simply to stop collection efforts or because they are unsure how much they owe. In addition, consumers may unintentionally yield their rights, such as by waiving the statute of limitations on debt claims for which the relevant limit periods have

expired. Whether or not consumers owe and are liable for the debts collectors are attempting to recover, unlawful collection practices can cause significant reputational damage, invade personal privacy, and inflict emotional distress. Among the possible consequences, a collector's inappropriate interference with a consumer's employment relationships can also impair the consumer's ability to repay debts. *See* Rules and Regulations of the Bureau of Consumer Financial Protection, Summary of the Final Rule. 12 CFR Part 1090.

4. Of interesting note, the CFPB made findings that Federal consumer financial law promotes fair competition in the debt collection marketplace. To the extent that unfair, deceptive, or abusive practices increase collectors' rate of recovery on debts subject to collection, debt collectors that avoid such practices could be at a competitive disadvantage. By placing important parameters on debt collection activities, the FDCPA was meant in part to ensure that those who refrain from improper practices in debt collection are not thereby competitively disadvantaged. See Footnote 26 to Rules and Regulations of the Bureau of Consumer Financial Protection, Summary of the Final Rule. 12 CFR Part 1090.

## **JURISDICTION & VENUE**

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

6. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

7. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here and Defendant corporation transacts business here.

## PARTIES

8. Plaintiff, Shawn Blakley ("Blakley"), is a natural person who resides in the City of Litchfield Park, County of Maricopa, State of Arizona, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. Defendant, Sunrise Credit Services, Inc., ("Sunrise Credit") is a collection agency operating from an address of 260 Airport Plaza, Farmingdale, NY 33735, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. On November 12, 2016, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, Plaintiff entered into a mobile telephone contract with AT&T (aka AT&T Mobility).

11. Plaintiff returned the purchased equipment within 14-days as prescribed by the Equipment Return Policy and Cancellation Policy terminating the contract.

12. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant Sunrise Credit for collection from Plaintiff.

13. Upon information, about August 2017, Defendant Sunrise Credit began reporting false credit information on behalf of AT&T Mobility to Experian.

14. About October 2017, Plaintiff was denied credit as a result of Sunrise Credit erroneously reporting the aforementioned AT&T Mobility tradeline to Plaintiff's Experian credit report.

15. Said credit denial resulted in lost business opportunity.

16. On February 1, 2018, Plaintiff sent Defendant Sunrise Credit a written dispute and request for validation.

17. Defendant Sunrise Credit failed to timely respond to Plaintiff's request for validation.

18. All of the above-described conduct violated numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692e(11), 1692e(13), and 1692f, amongst others.

*Summary*

19. The above-described conduct of Sunrise Credit was made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

20. Plaintiff became confused, frustrated and angry by Defendant Sunrise Credit's conduct in connection with the reporting of false credit information.

21. Plaintiff has suffered actual damages as a result Defendant Sunrise Credit reporting false credit information in the form of lost business opportunity, anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

22. Defendant Sunrise Credit's illegal and abusive conduct, as more fully described above, were the direct and proximate cause of emotional distress on the part of Plaintiff and caused unnecessary strain on Plaintiff's personal life.

## TRIAL BY JURY

23. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The foregoing acts and omissions of Defendant constitutes numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

26. As a result of each Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

### COUNT II.

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

27. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

28. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

**Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

29. Defendant intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiff, namely, by reporting false credit information to Plaintiff's credit report.

30. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

31. Plaintiff was extremely frustrated, upset, angry, humiliated and embarrassed that Defendant reported false credit information to Experian.

32. Plaintiff suffered from substantial emotional distress and frustration from Defendant's attempt to collect the alleged debt.

33. The conduct of Defendant, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

34. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

### **COUNT I.**

### **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

### **15 U.S.C. § 1692 et seq.**

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants and for Plaintiff;

- for an award of statutory damages of no less than $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against each Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) against each Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

### **COUNT II.**

### **INVASION OF PRIVACY BY INTRUSION UPON SECLUSION**

- for an award of actual damages from each Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff; and

- for such other and further relief as may be just and proper.

DATED: July 11, 2018.

        STONE LAW GROUP, PLC

        /s/ Shawn Stone

        _____

        By:    Shawn L. Stone
                  Attorney for Plaintiff